**DUPLICATE MANDATE**

SDNY - NY/NY
03-CV-2742
Koeltl, J.

07-2088-cv(L)
U.S. Sec. & Exch. v. Zwick

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: SEP 2 1 2009

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT http://www.ca2.uscourts.gov/), THE PARTY CITING THE SUMMARY ORDER MUST FILE AND SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED. IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of August, two thousand eight.

PRESENT:
    HON. ROSEMARY S. POOLER,
    HON. PETER W. HALL,
        *Circuit Judges,*
    HON. DAVID G. TRAGER,[*]
        *District Judge.*

FILED AUG 2 7 2008

United States Securities and Exchange Commission,
    *Plaintiff-Appellee,*

v.

Nos. 07-2088-cv(L),
     07-2776-cv(con)

David A. Zwick, Todd J. Cohen, Terrence J. O'Donnell,
    *Defendants-Appellants.*

---

[*]The Honorable David G. Trager, United States District Court Judge for the Eastern District of New York, sitting by designation.

Issued as Mandate: OCT 2 3 2008

FOR APPELLANTS:                    Michael S. Sommer, McDermott Will & Emery LLP, New York, New York.

FOR APPELLEE:                      Christopher Paik, Special Counsel, Securities and Exchange Commission, Washington, DC.

UPON DUE CONSIDERATION of this appeal from a judgment of the United States District Court for the Southern District of New York (Koeltl, J.), it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Defendants appeal from a March 19, 2007 decision of the district court denying defendants' Rule 50(b) motion for judgment as a matter of law and, in the alternative, for a new trial. Defendants were found liable of securities fraud by jury trial. We assume the parties' familiarity with the facts and procedural history of the case.

Defendants raise three arguments on appeal: (1) the markups were not excessive as a matter of law and thus did not form a basis for securities fraud liability; (2) the district court erroneously allowed expert testimony on the alleged excessive markups; and (3) Zwick is entitled to a new trial because the jury's finding that Zwick was liable for participating in the kickback scheme was unduly influenced by prejudicial spillover from the excessive markup case. For the reasons that follow, the district court was correct in its detailed and well-reasoned decision, and defendants' arguments are unavailing.

Defendants first argue that there is no statute, regulation, rule, or decision indicating that the markups here would be considered excessive. This argument misconceives our standard for determining whether a markup is excessive. That standard does not rely on any sort of bright-line rule but rather considers each situation on a fact-specific basis as those facts are presented in the particular case. *See Press v. Chem. Inv. Servs. Corp.*, 166 F.3d 529, 535 (2d Cir. 1999). We

2

have said that "the determination of excessiveness is to be done on a case-by-case basis, and a markup is excessive when it bears no reasonable relation to the prevailing market price." *Id.* (internal quotation marks omitted). To make this determination, we have pointed to a number of factors that are instructive:

> Among the factors relevant to the determination of whether a markup is excessive are the expense associated with effectuating the transaction, the reasonable profit fairly earned by the broker or dealer, the expertise provided by the broker or dealer, the total dollar amount of the transaction, the availability of the financial product in the market, the price or yield of the instrument, the resulting yield after the subtraction of the markup compared to the yield on other securities of comparable quality, maturity, availability, and risk, and the role played by the broker or dealer.

*Id.* From the evidence presented at trial, including both the expert testimony that the markups were excessive and the dramatic increase in the markups after the bribery scheme began, the jury could reasonably have found that the markups were excessive.

Defendants' second argument is that the district court erred in admitting the expert testimony of Perrin Arturi, the SEC's expert on markups. "We review the district court's decision to admit expert testimony for abuse of discretion." *Olin Corp. v. Certain Underwriters at Lloyd's London*, 468 F.3d 120, 133 (2d Cir. 2006). "We will not reverse such a decision unless it is manifestly erroneous." *Id.* Specifically, defendants argue that Arturi had no relevant background or experience, his testimony was unsupported by methodology or data, and his opinions were based on demonstrably false factual assumptions. The record shows that the district court properly allowed Arturi to testify as to whether the trades between New York Life and Suncoast involved excessive markups based on his experience in the industry as a trader and his opinion on what constitutes an excessive markup for the securities at issue. The district court did not, therefore, abuse its discretion in allowing Arturi to testify. *See id.*

Finally, defendants argue that Zwick is entitled to a new trial on the SEC's claims against him for his direct involvement in the kickback scheme because the jury's verdict on the kickback theory was "tainted by prejudicial spillover from the excessive markup portion of the case." They argue that Breckenridge's "highly dubious" testimony was improperly corroborated by the legally insufficient excessive markup claims There is no merit to this argument. As discussed above, the excessive markup theory was not legally insufficient. For that reason, it does not form a basis for improper influence on the jury's verdict. Moreover, any spillover was cured by the special verdict which required the jury to consider separately liability for each of the two schemes. We note that Zwick does not contest that there was sufficient evidence to find him liable for involvement in the kickback scheme. Rather he argues that the jury may have been improperly influenced in its determination by the excessive markup evidence. Even if the jury was influenced, which it is not clear that it was, there was still sufficient evidence upon which the verdict against Zwick on the kickback claims may stand.

We have considered all of defendants' other arguments and find them to be without merit. For the reasons stated above, and those stated in the comprehensive, well-reasoned decision of the district court, *S.E.C. v. Zwick*, No. 03 Civ. 2742, 2007 WL 831812 (S.D.N.Y. Mar. 16, 2007), the judgment of the district court is AFFIRMED.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

By: [signature]

4

A TRUE COPY
Catherine O'Hagan Wolfe, Clerk

by [signature]
DEPUTY CLERK